JENNIE R. NEWHALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10887. Promulgated February 10, 1928.

*Henry Gross, Esq.,* for the petitioner.
*W. Frank Gibbs, Esq.,* for the respondent.

OPINION.

MURDOCK: The petitioner contends that the Commissioner asserted in his answer that the property depreciated between March 1, 1913, and the date of sale and that if this point is material it is an affirma-

tive averment by the Commissioner and the burden rests upon him to prove it.

It is true that Rule 30 of the Board provides that in respect of any new matter pleaded in his answer the burden of proof shall be upon the respondent. However, the averment of the respondent herein, with respect to depreciation, is considered to be surplusage and not to come within the meaning of the words "new matter" as used in the Board's rules. The depreciation which the Commissioner avers has been sustained by the petitioner on his premises is the very thing which produced the deficiency at the outset. It is set forth in the 60-day letter, made a part of the petitioner's appeal. The burden of proof being upon the petitioner and she having offered no proof that depreciation had not been sustained on the premises in question, this contention fails.

However, the petitioner then contends that, assuming that the Board has before it competent and adequate evidence of the depreciation of the property subsequent to March 1, 1913, such depreciation neither decreases the value as of March 1, 1913, nor increases the profit on the sale, and in support thereof cites the cases of *Ludey* v. *United States*, 61 Ct. Cls. 126, and *Ward* v. *Hopkins*, U. S. District Court, Texas.

The latter case, for some reason went no higher than the district court, and the Board has already said in the *Appeal of Even Realty Co.*, 1 B. T. A. 355, that it disagreed with the conclusion of the learned court in that case.

In *United States* v. *Ludey*, 274 U. S. 295, 47 S. Ct. 609, the Supreme Court reversed the judgment of the Court of Claims, cited by the petitioner, and held that under the Revenue Act of 1916, as amended by the Revenue Act of 1917, in determining gain or loss on the sale of property, a deduction must be made from the original cost on account of depreciation and depletion allowable in previous years with respect to the property.

The Board has already held in *Appeal of Even Realty Co.*, *supra*, that in determining gain or loss upon the sale of depreciable property due allowance must be made for depreciation which was actually sustained and for which taxpayer was allowed to take deductions, whether or not deductions therefor were actually taken by the taxpayer in prior years.

Aside from the fact that the petitioner resides in Phoenixville, Pa., and the property is in Philadelphia, there is nothing to indicate whether or not this is a property on which depreciation could be taken, but at any rate no contention is made that the amount of $6,740.41, deducted by the Commissioner from the March 1, 1913, value, included any amount of depreciation which the petitioner was

not entitled to deduct in the several years, nor is there any indication in the record that it did include any such amount. The determination of the Commissioner must, therefore, be approved.

*Judgment will be entered for the respondent.*